**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION**

| | |
|---|---|
| CHRISTINA PRUKALA | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 13-cv-377 |
| WORLD FINANCIAL NETWORK NATIONAL BANK<br>3100 Easton Square Place<br>Columbus, OH 43219 | CLASS ACTION |
| and | |
| JOHN DOES 1-10 | |
| and | |
| CORPORATIONS X, Y, Z | |
| Defendants. | |

**ANSWER TO PLAINTIFF'S COMPLAINT WITH
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Comenity Bank, f/k/a World Financial Network Bank, successor by conversion to World Financial Network National Bank ("Comenity"), by and through its undersigned counsel, hereby files its Answer with Affirmative Defenses and Counterclaims to the Complaint ("Complaint") of Plaintiff Christina Prukala ("Plaintiff"), and further states as follows:

**INTRODUCTION**

1.     Denied.  This paragraph consists of Plaintiff's recitation of the claims alleged in her Complaint and no response is required.  To the extent a response is required, each

allegation is specifically denied.  By way of further answer, Plaintiff's claims are subject to mandatory, binding, individual arbitration, and Comenity reserves its right to compel arbitration.

## JURISDICTION AND VENUE

2.    Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are specifically denied.

3.    Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are specifically denied.

4.    Admitted in part and denied in part.  The allegations of this paragraph regarding venue are legal conclusions to which no response is required.  To the extent a response is required, those allegations are specifically denied.  With respect to the allegations in this paragraph regarding Plaintiff's residence, Comenity admits that Plaintiff is a resident of Pennsylvania, but Comenity, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff's residence and therefore denies them.

## PARTIES

5.    Admitted in part and denied in part.  Comenity admits that Plaintiff is a citizen and resident of Pennsylvania, but Comenity, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

6.    Denied.  The allegations of this paragraph, including all of its subparagraphs, are specifically denied.

## FACTUAL ALLEGATIONS

7.      Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are specifically denied.

8.      Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are specifically denied.

9.      Denied.  To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

10.     Denied.  Comenity denies the allegations of this paragraph, as the terms "numerous" and "automated calls" are vague and ambiguous.

11.     Denied.  Comenity denies the allegations of this paragraph, as the terms "numerous," "call logs," and "harassing" are vague and ambiguous.  Further, after reasonable investigation, Comenity is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding Plaintiff's possessing "call logs reflecting … harassing calls to the her cell phone … traceable to Defendant WFNNB" and therefore denies them.

12.     Denied.   To the extent this paragraph quotes a statute, the statute speaks for itself, and no response is required.  To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

13.     Denied.  Comenity denies the allegations of this paragraph, as the terms "permission," "contact," and "automatic telephone dialing system" are vague and ambiguous. Comenity specifically denies that it lacked consent to contact Plaintiff via her mobile telephone.

14.     Denied.  The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, the allegations are specifically denied.

15.     Denied.  After reasonable investigation, Comenity is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

16.     Denied.  After reasonable investigation, Comenity is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

17.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

18.      Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

19.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

20.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

21.      Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

22.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

23.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

24.     Denied.   To the extent this paragraph states a legal conclusion, it requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

## CLASS ACTION ALLEGATIONS

25.     Admitted in part and denied in part.  This paragraph consists of Plaintiff's characterization of this action and thus requires no response.  To the extent a response is required, it is admitted only that Plaintiff purports to be bringing this action "on behalf of himself and on behalf of and all others similarly situated [sic]."  The remaining allegations of this paragraph are specifically denied.

26.     Denied.   To the extent this paragraph quotes or paraphrases a statute, the statute speaks for itself and no response is required.  To the extent this paragraph states a legal

conclusion or is Plaintiff's characterization of the law, it further requires no response. To the extent a response is required, the allegations are specifically denied.

27.    Denied. This paragraph consists of Plaintiff's characterization of this action and the putative class and thus requires no response. To the extent a response is required, the allegations of this paragraph are specifically denied.

28.    Denied. This paragraph consists of Plaintiff's characterization of this action and states legal conclusions and thus requires no response. To the extent a response is required, the allegations of this paragraph are specifically denied.

29.    Denied. To the extent this paragraph states a legal conclusion, it requires no response. To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations are specifically denied.

30.    Denied. This paragraph consists of Plaintiff's characterization of this action and thus requires no response. To the extent a response is required, the allegations of this paragraph are specifically denied.

31.    Denied. This paragraph, including its subparagraphs, consists of Plaintiff's characterization of this action and states legal conclusions and thus requires no response. To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph, including its subparagraphs, are specifically denied.

32.    Denied. This paragraph consists of Plaintiff's characterization of this action and states a legal conclusion and thus requires no response. To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

33.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

34.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

35.     Denied.  This paragraph states legal conclusions and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

36.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

37.     Denied.  This paragraph states legal conclusions and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

38.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

**COUNT I**
**NEGLIGENT VIOLATIONS OF**
**THE FAIR CREDIT EXTENSION UNIFORMITY ACT**

39.     Comenity incorporates its responses to the foregoing paragraphs as though the same were set forth at length herein.

40.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

41.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

42.     Denied.  This paragraph contains Plaintiff's characterization of the law and states a legal conclusion and thus requires no response.  To the extent a response is required, the allegations of this paragraph are specifically denied.

43.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

44.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, the allegations of this paragraph are specifically denied.

**PRAYER FOR RELIEF**

Comenity denies that Plaintiff is entitled to any relief whatsoever, including that asserted in Count I's "Prayer For Relief" clause and all of its subparagraphs.

**COUNT II**
**INVASION OF PRIVACY**

45.     Comenity incorporates its responses to the foregoing paragraphs as though the same were set forth at length herein.

46.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

47.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

**PRAYER FOR RELIEF**

Comenity denies that Plaintiff is entitled to any relief whatsoever, including that asserted in Count II's "Prayer For Relief" clause and all of its subparagraphs.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

48.     Comenity incorporates its responses to the foregoing paragraphs as though the same were set forth at length herein.

49.     Denied.   To the extent this paragraph quotes or paraphrases primary or secondary sources of law, those sources speak for themselves and no response is required.  To the extent this paragraph states a legal conclusion or is Plaintiff's characterization of the law, it further requires no response.  To the extent a response is required, the allegations are specifically denied.

50.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

51.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

52.     Comenity incorporates its responses to the foregoing paragraphs as though the same were set forth at length herein.

53.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

54.     Denied.  This paragraph states a legal conclusion and thus requires no response.  To the extent a response is required, and to the extent this paragraph states factual allegations, the allegations of this paragraph are specifically denied.

## PRAYER FOR RELIEF

Comenity denies that Plaintiff is entitled to any relief whatsoever, including that asserted in Count III's "Prayer For Relief" clause and all of its subparagraphs.

WHEREFORE, Comenity denies any liability whatsoever and demands judgment in its favor and against Plaintiff, together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to mandatory, binding, individual arbitration pursuant to the terms of the applicable agreements governing Plaintiff's relationship with Comenity.  Comenity reserves the right to compel individual arbitration of Plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual harm or realized any ascertainable loss.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sufficiently alleged, and cannot establish, willfulness on the part of Comenity.

## FIFTH AFFIRMATIVE DEFENSE

Comenity did not violate the Fair Credit Extension Uniformity Act, as Plaintiff consented to receiving calls to Plaintiff's cellular telephone number.

## SIXTH AFFIRMATIVE DEFENSE

Any damages or injury Plaintiff claims to have sustained were caused by Plaintiff's own acts and/or omissions or the acts or omissions of third parties over whom Comenity has no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE

Comentiy has acted with due care at all times and complied with all applicable laws, regulations, and standards and otherwise acted reasonably.

## EIGHTH AFFIRMATIVE DEFENSE

Comenity reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

WHEREFORE, Comenity denies any liability whatsoever and demands judgment in its favor and against Plaintif,  together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

## COUNTERCLAIMS FOR BREACH OF CONTRACT

55.     Comenity incorporates its responses to the foregoing paragraphs as though the same were set forth at length herein.

## JURISDICTION AND VENUE

56.     These Counterclaims are being filed pursuant to Rule 13 of the Federal Rules of Civil Procedure.

## BACKGROUND

57.     Comenity owns and issues private label consumer credit card accounts for use at specific retailers.

58.     Victoria's Secret, Express, Bon Ton, Abercrombie & Fitch, and Limited are among the retailers for which Comenity issues private label credit card accounts.

### Plaintiff's Victoria's Secret Account

59.     Plaintiff opened a credit card account for use at Victoria's Secret (the "Victoria's Secret Account") on February 23, 2006.

60.     In connection with opening the Victoria's Secret Account, Plaintiff entered into an agreement (the "Victoria's Secret Credit Card Agreement") with Comenity providing that she would pay the amounts owed on the Victoria's Secret Account resulting from her use of the associated credit card (the "Victoria's Secret Credit Card") in accordance with the terms of the Victoria's Secret Credit Card Agreement.

61.     The Victoria's Secret Credit Card Agreement provides that, in the event that Plaintiff fails to pay the amounts owed on the Victoria's Secret Account in accordance with the terms of the Victoria's Secret Credit Card Agreement, Comenity may accelerate the outstanding debt and pursue the entire amount owed on the Victoria's Secret Account.

62.     Plaintiff used the Victoria's Secret Credit Card and incurred charges.

63.     As of January 14, 2013, the balance owed on the Victoria's Secret Account was $3,249.18.

64.     Plaintiff has not made a payment on the Victoria's Secret Account since October 1, 2012, making her delinquent on her payment obligations.

**Plaintiff's Express Account**

65.     Plaintiff opened a credit card account for use at Express (the "Express Account") on February 23, 2008.

66.     In connection with opening the Express Account, Plaintiff entered into an agreement (the "Express Credit Card Agreement") with Comenity providing that she would pay the amounts owed on the Express Account resulting from her use of the associated credit card (the "Express Credit Card") in accordance with the terms of the Express Credit Card Agreement.

67.     The Express Credit Card Agreement provides that, in the event that Plaintiff fails to pay the amounts owed on the Express Account in accordance with the terms of the Express Credit Card Agreement, Comenity may accelerate the outstanding debt and pursue the entire amount owed on the Express Account.

68.     Plaintiff used the Express Credit Card and incurred charges.

69.     As of January 14, 2013, the balance owed on the Express Account was $2,283.04.

70.     Plaintiff has not made a payment on the Express Account since December 3, 2012, making her delinquent on her payment obligations.

**Plaintiff's Bon Ton Account**

71.     Plaintiff opened a credit card account for use at Bon Ton (the "Bon Ton Account") on June 11, 2009.

72.     In connection with opening the Bon Ton Account, Plaintiff entered into an agreement (the "Bon Ton Credit Card Agreement") with Comenity providing that she would pay the amounts owed on the Bon Ton Account resulting from her use of the associated credit card (the "Bon Ton Credit Card") in accordance with the terms of the Bon Ton Credit Card Agreement.

73.     The Bon Ton Credit Card Agreement provides that, in the event that Plaintiff fails to pay the amounts owed on the Bon Ton Account in accordance with the terms of the Bon Ton Credit Card Agreement, Comenity may accelerate the outstanding debt and pursue the entire amount owed on the Bon Ton Account.

74.     Plaintiff used the Bon Ton Credit Card and incurred charges.

75.     As of January 14, 2013, the balance owed on the Bon Ton Account was $2,654.20.

76.     Plaintiff has not made a payment on the Bon Ton Account since December 3, 2012, making her delinquent on her payment obligations.

**Plaintiff's Abercrombie & Fitch Account**

77.     Plaintiff opened a credit card account for use at Abercrombie & Fitch (the "Abercrombie & Fitch Account") on June 2, 2012.

78.     In connection with opening the Abercrombie & Fitch Account, Plaintiff entered into an agreement (the "Abercrombie & Fitch Credit Card Agreement") with Comenity providing that she would pay the amounts owed on the Abercrombie & Fitch Account resulting

from her use of the associated credit card (the "Abercrombie & Fitch Credit Card") in accordance with the terms of the Abercrombie & Fitch Credit Card Agreement.

79.     The Abercrombie & Fitch Credit Card Agreement provides that, in the event that Plaintiff fails to pay the amounts owed on the Abercrombie & Fitch Account in accordance with the terms of the Abercrombie & Fitch Credit Card Agreement, Comenity may accelerate the outstanding debt and pursue the entire amount owed on the Abercrombie & Fitch Account.

80.     Plaintiff used the Abercrombie & Fitch Credit Card and incurred charges.

81.     As of January 14, 2013, the balance owed on the Abercrombie & Fitch Account was $602.13.

82.     Plaintiff has not made a payment on the Abercrombie & Fitch Account since November 2, 2012, making her delinquent on her payment obligations.

### Plaintiff's Limited Account

83.     Plaintiff opened a credit card account for use at Limited (the "Limited Account") on June 2, 2012.

84.     In connection with opening the Limited Account, Plaintiff entered into an agreement (the "Limited Credit Card Agreement") with Comenity providing that she would pay the amounts owed on the Limited Account resulting from her use of the associated credit card (the "Limited Credit Card") in accordance with the terms of the Limited Credit Card Agreement.

85.     The Limited Credit Card Agreement provides that, in the event that Plaintiff fails to pay the amounts owed on the Limited Account in accordance with the terms of the Limited Credit Card Agreement, Comenity may accelerate the outstanding debt and pursue the entire amount owed on the Limited Account.

86.     Plaintiff used the Limited Credit Card and incurred charges.

87.     As of January 14, 2013, the balance owed on the Limited Account was $1,116.48.

88.     Plaintiff has never made any payment on the Limited Account, making her delinquent on her payment obligations.

## COUNT I – BREACH OF CONTRACT
## VICTORIA'S SECRET CREDIT CARD AGREEMENT

89.     Comenity incorporates the foregoing paragraphs as though the same were set forth at length herein.

90.     The Victoria's Secret Credit Card Agreement constitutes a valid and binding written agreement between Plaintiff and Comenity.

91.     Under the terms of the Victoria's Secret Credit Card Agreement, Plaintiff is required to pay the amounts owed on any balance in the Victoria's Secret Account resulting from Plaintiff's use of the Victoria's Secret Credit Card.

92.     As set forth above, Plaintiff has used her Victoria's Secret Credit Card and incurred charges but has failed to pay all of the amounts owed in accordance with the Victoria's Secret Credit Card Agreement.

93.     Plaintiff's failure to make payments on the Victoria's Secret Account subsequent to October 1, 2012, constituted a breach of the Victoria's Secret Credit Card Agreement.

94.     Similarly, Plaintiff's failure to remit the outstanding balance on the Victoria's Secret Account constitutes a breach of the Victoria's Secret Credit Card Agreement.

95.     The Victoria's Secret Credit Card Agreement provides that Plaintiff must pay the reasonable costs incurred by Comenity in collecting the amounts due on the Victoria's Secret Account, including reasonable attorneys' fees and court costs.

WHEREFORE, with respect to Count I, Comenity demands judgment in its favor and against Plaintiff in the amount of $3,249.18, together with costs and attorneys' fees.

## COUNT II – BREACH OF CONTRACT
## EXPRESS CREDIT CARD AGREEMENT

96.     Comenity incorporates the foregoing paragraphs as though the same were set forth at length herein.

97.     The Express Credit Card Agreement constitutes a valid and binding written agreement between Plaintiff and Comenity.

98.     Under the terms of the Express Credit Card Agreement, Plaintiff is required to pay the amounts owed on any balance in the Express Account resulting from Plaintiff's use of the Express Credit Card.

99.     As set forth above, Plaintiff has used her Express Credit Card and incurred charges but has failed to pay all of the amounts owed in accordance with the Express Credit Card Agreement.

100.    Plaintiff's failure to make payments on the Express Account subsequent to December 3, 2012, constituted a breach of the Express Credit Card Agreement.

101.    Similarly, Plaintiff's failure to remit the outstanding balance on the Express Account constitutes a breach of the Express Credit Card Agreement.

102.    The Express Credit Card Agreement provides that Plaintiff must pay the reasonable costs incurred by Comenity in collecting the amounts due on the Express Account, including reasonable attorneys' fees and court costs.

WHEREFORE, with respect to Count II, Comenity demands judgment in its favor and against Plaintiff in the amount of $2,283.04, together with costs and attorneys' fees.

## COUNT III – BREACH OF CONTRACT
## BON TON CREDIT CARD AGREEMENT

103. Comenity incorporates the foregoing paragraphs as though the same were set forth at length herein.

104. The Bon Ton Credit Card Agreement constitutes a valid and binding written agreement between Plaintiff and Comenity.

105. Under the terms of the Bon Ton Credit Card Agreement, Plaintiff is required to pay the amounts owed on any balance in the Bon Ton Account resulting from Plaintiff's use of the Bon Ton Credit Card.

106. As set forth above, Plaintiff has used her Bon Ton Credit Card and incurred charges but has failed to pay all of the amounts owed in accordance with the Bon Ton Credit Card Agreement.

107. Plaintiff's failure to make payments on the Bon Ton Account subsequent to December 3, 2012, constituted a breach of the Bon Ton Credit Card Agreement.

108. Similarly, Plaintiff's failure to remit the outstanding balance on the Bon Ton Account constitutes a breach of the Bon Ton Credit Card Agreement.

109. The Bon Ton Credit Card Agreement provides that Plaintiff must pay the reasonable costs incurred by Comenity in collecting the amounts due on the Bon Ton Account, including reasonable attorneys' fees and court costs.

WHEREFORE, with respect to Count III, Comenity demands judgment in its favor and against Plaintiff in the amount of $2,654.20, together with costs and attorneys' fees.

## COUNT IV – BREACH OF CONTRACT
## ABERCROMBIE & FITCH CREDIT CARD AGREEMENT

110.    Comenity incorporates the foregoing paragraphs as though the same were set forth at length herein.

111.    The Abercrombie & Fitch Credit Card Agreement constitutes a valid and binding written agreement between Plaintiff and Comenity.

112.    Under the terms of the Abercrombie & Fitch Credit Card Agreement, Plaintiff is required to pay the amounts owed on any balance in the Abercrombie & Fitch Account resulting from Plaintiff's use of the Abercrombie & Fitch Credit Card.

113.    As set forth above, Plaintiff has used her Abercrombie & Fitch Credit Card and incurred charges but has failed to pay all of the amounts owed in accordance with the Abercrombie & Fitch Credit Card Agreement.

114.    Plaintiff's failure to make payments on the Abercrombie & Fitch Account subsequent to November 2, 2012, constituted a breach of the Abercrombie & Fitch Credit Card Agreement.

115.    Similarly, Plaintiff's failure to remit the outstanding balance on the Abercrombie & Fitch Account constitutes a breach of the Abercrombie & Fitch Credit Card Agreement.

116.    The Abercrombie & Fitch Credit Card Agreement provides that Plaintiff must pay the reasonable costs incurred by Comenity in collecting the amounts due on the Abercrombie & Fitch Account, including reasonable attorneys' fees and court costs.

WHEREFORE, with respect to Count IV, Comenity demands judgment in its favor and against Plaintiff in the amount of $602.13, together with costs and attorneys' fees.

## COUNT V – BREACH OF CONTRACT
## <u>LIMITED CREDIT CARD AGREEMENT</u>

117.    Comenity incorporates the foregoing paragraphs as though the same were set forth at length herein.

118.    The Limited Credit Card Agreement constitutes a valid and binding written agreement between Plaintiff and Comenity.

119.    Under the terms of the Limited Credit Card Agreement, Plaintiff is required to pay the amounts owed on any balance in the Limited Account resulting from Plaintiff's use of the Limited Credit Card.

120.    As set forth above, Plaintiff has used her Limited Credit Card and incurred charges but has failed to pay all of the amounts owed in accordance with the Limited Credit Card Agreement.

121.    Plaintiff's failure to make timely periodic payments on the Limited Account constituted a breach of the Limited Credit Card Agreement.

122.    Similarly, Plaintiff's failure to remit the outstanding balance on the Limited Account constitutes a breach of the Limited Credit Card Agreement.

123.    The Limited Credit Card Agreement provides that Plaintiff must pay the reasonable costs incurred by Comenity in collecting the amounts due on the Limited Account, including reasonable attorneys' fees and court costs.

WHEREFORE, with respect to Count V, Comenity demands judgment in its

favor and against Plaintiff in the amount of $1,116.48, together with costs and attorneys' fees.


Dated: March 15, 2013                    Respectfully submitted,


                                         */s/ Martin C. Bryce, Jr.*
                                         Martin C. Bryce, Jr.
                                         PA Bar No. 59409
                                         bryce@ballardspahr.com
                                         BALLARD SPAHR LLP
                                         1735 Market Street, 51st Floor
                                         Philadelphia, PA 19103-7599
                                         Telephone:  (215) 665-8500
                                         Facsimile: (215) 864-8999

                                         *Counsel for Defendant Comenity Bank, f/k/a World*
                                         *Financial Network Bank, successor by conversion*
                                         *to World Financial Network National Bank*

Of Counsel:

Nathan W. Catchpole
PA Bar No. 312731
catchpolen@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone:  (215) 665-8500
Facsimile: (215) 864-8999

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 15, 2013, I caused a true and correct copy of the

foregoing to be served via the Court's ECF system upon the following:

Joseph T. Sucec, Esq.
325 Peach Glen-Idaville Road
Gardners, PA 17324

Dated: March 15, 2013

<u>*/s/ Martin C. Bryce, Jr.*</u>
Martin C. Bryce, Jr.